IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02050-M

JEWELL D. WIGGINS, JR.,

        Petitioner,

v.

WARDEN FMC BUTNER,

        Respondent.

**ORDER**

On March 2, 2023, Jewell D. Wiggins, Jr. ("Wiggins" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet. [D.E. 1]; Mem. Supp. Pet. [D.E. 1-1]. The court conducts its preliminary review under 28 U.S.C. § 2243 and dismisses the petition.

I.

On October 25, 2013, pursuant to a plea agreement, Wiggins pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Mem. Supp. Pet. 3; Wiggins v. United States, No. 6:12-CR-6114-MAT, 2017 WL 564116, at *1 (W.D.N.Y. Feb. 11, 2017) (unpublished). "Wiggins' plea agreement anticipated that he would be sentenced pursuant to the career offender provisions of the United States Sentencing Guidelines . . . based on his two prior convictions for controlled substance offenses." Wiggins, 2017 WL 564116, at *1; see Mem. Supp. Pet. 3. Wiggins did not file any direct appeal, but has sought post-conviction relief in the sentencing court through two section 2255 motions, a motion for a sentence

reduction, and two motions for compassionate release. See Mem. Supp. Pet. 3–4; United States v. Wiggins, 472 F. Supp. 3d 23 (W.D.N.Y. 2020); Wiggins, 2017 WL 564116.

In his second section 2255 motion, Wiggins challenged the career offender sentencing enhancement, and the sentencing court denied the motion because "Wiggins has two qualifying prior controlled substance offense convictions, and these were sufficient to trigger the application of the career offender provision of the Guidelines." Wiggins, 2017 WL 564116, at *4. In his latest petition, Wiggins again challenges his career offender designation and seeks resentencing "without the § 851 and career offender enhancements." Pet. at 8; Mem. Supp. Pet. 40.

The court may not consider a section 2241 motion challenging the legality of Wiggins's sentence unless "the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Jones v. Hendrix, No. 21-857, 2023 WL 4110233 (U.S. June 22, 2023). The court must interpret the savings clause "narrowly." Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 569 (4th Cir. 2021) (quotation and citation omitted); see Jones, 2023 WL 4110233, at *6; Arellano v. Withers, No. 22-60525, 2023 WL 4311621, at *1 (5th Cir. July 3, 2023) (per curiam) (unpublished); Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022). If a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Jones, 2023 WL 4110233, at *9.

Wiggins "cannot pursue his claims in a § 2241 petition." Hall v. Hudgins, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (per curiam) (unpublished); see Hogsett v. Lillard, No. 22-2182, 2023 WL 4394081, at *2 (7th Cir. July 7, 2023); Arellano, 2023 WL 4311621, at *1; Candelaria v. Warden, F.C.I. Miami, No. 23-22243-CIV, 2023 WL 4186412, at *4 (S.D. Fla. June 26, 2023) (unpublished). Accordingly, the court dismisses the petition for lack of jurisdiction.

After reviewing the claims presented in Wiggins's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of Wiggins's claim debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES the petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] WITHOUT PREJUDICE for lack of jurisdiction. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED this 11th day of July, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge